UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　:　　　Criminal No.: 21-472 JDB)
　　　　　　　　　　　　　　　　　　:
JAMAR SKEETE,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendant.　　　　　:

## STATEMENT OF THE OFFENSE

### I.　　Elements of the Offenses

**Conspiracy To Commit Bank Fraud and Wire Fraud:**  The essential elements of Conspiracy To Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, are:

(1) that two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank fraud and wire fraud; and

(2) that the defendant knew the unlawful purpose of the plan and willingly joined in it.

**Bank Fraud:**  The essential elements of the offense of bank fraud in violation of Title 18, United States Code, Section 1344(2) are:

(3) that the defendant knowingly executed a scheme or artifice;

(4) that the scheme or artifice was executed to obtain monies or other property owned by, or under the custody or control of, a financial institution;

(5) that the scheme or artifice was executed by means of false or fraudulent pretenses; and

(6) that the false or fraudulent pretenses were material.

**Wire Fraud:**  The essential elements of the offense of wire fraud, in violation of Title 18, United States Code, Section 1343, are:

(1) that the defendant knowingly devised or intended to devise any scheme to defraud;

(2) that the scheme to defraud employed false material representations;

(3) that the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, or signal for the purpose of executing such scheme; and

(4) that the defendant acted with a specific intent to defraud.

## II.   Factual Basis

Had this case proceeded to trial, the government would have proven the following facts beyond a reasonable doubt:

1.     At all relevant times, the Defendant JAMAR SKEETE ("SKEETE" or the "Defendant"), age 37, was a resident of the District of Columbia.

2.     From at least in or about January 2019 to in or about June 2019, the Defendant agreed with others to commit bank fraud and wire fraud. The Defendant joined the agreement and participated in the scheme knowingly, willfully, and with the intent to defraud. As set forth below, the bank fraud and wire fraud scheme involved two email impersonation scams directed at corporate victims, and the deposit of a counterfeit check. Proceeds of these frauds were transferred into two business deposit accounts, to which the defendant had access and control, held under the fictitious name "NAL Developments."

3.     Between on or about January 14, 2019 and on or about January 30, 2019, a bolt manufacturer ("Victim-1") transferred a total of $801,606.58 to a deposit account held at SunTrust Bank in the name of "NAL Developments" (the "NAL-Suntrust Account"). Victim-1 made these transfers based on an email request from an individual impersonating a supplier of Victim-1.

4.     On or about January 2, January 4, January 9, January 11, January 13, and January 18, 2019, the Defendant withdrew cash from a deposit account held at Wells Fargo Bank, N.A. in the name of "NAL Developments" (the "NAL-Wells Fargo Account") from bank branches in the

2

District of Columbia. The NAL-Wells Fargo Account was registered under the same individual name, social security number, physical address, and email address as the NAL-SunTrust Account.

5. On or about January 22, 2019, the NAL-Wells Fargo Account, which the Defendant accessed and controlled as set forth above, received a wire transfer of $34,400 from the NAL Suntrust Account. This transfer contained proceeds of the email impersonation fraud on Victim-1. On or about February 11, 2019, a counterfeit $190,000.22 check purportedly written by a trust ("Victim-2") was deposited into the NAL-Wells Fargo Account.

6. Between on or about May 23, 2019 and on or about June 6, 2019, a disability non-profit organization ("Victim-3") transferred a total of $757,350.10 to a deposit account held at JPMorgan Chase Bank, N.A. in the name of "NAL Developments" (the "NAL-Chase Account"). The NAL-Chase Account was registered under the same individual name, social security number, physical address, and email address as the NAL-Suntrust Account and the NAL-Wells Fargo Account. Victim-3 made these transfers based on an email request from an individual impersonating a vendor of Victim-3. On or about June 1, 2019 and June 13, 2019, the Defendant withdrew cash from the NAL-Chase Account from bank branches in the District of Columbia.

7. On or about May 31, 2019, a $21,000 cashier's check drawn from the NAL-Chase Account was deposited into an account held at United Bank in the name of "Skaginn HF LLC" (the "Skaginn Account"). The Skaginn Account was a hub account into which members of the conspiracy transferred fraud proceeds. For example, on or about May 3, 2019, co-conspirator IBRAHIIMA DOUKOURE deposited a stolen $60,507.61 check into an account held at Citibank, N.A. in the name of "Pepco LLC" (the "Pepco Account"). On or about May 17, 2019, DOUKOURE requested a $20,000 official check drawn from the Pepco Account, and that check was subsequently deposited into the Skaginn Account.

3

8.      At the time of the conduct set forth above, Suntrust Bank, Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A. United Bank, and Citibank, N.A. were each insured by the Federal Deposit Insurance Corporation.

9.      As set forth above, the defendant accessed and controlled the NAL-Wells Fargo Account and the NAL-Chase Account. The intended loss attributable to the NAL-Wells Fargo Account is $224,400.22. Of this sum, $34,400 was not recovered and is subject to forfeiture and restitution to Victim-1. The intended loss attributable to the NAL-Chase Account is $757,350.10. Of this sum, $177,180.24 was not recovered and is subject to forfeiture and restitution to JPMorgan Chase Bank, N.A.

## Conclusion

10.     The Defendant waives any challenge to venue in the District of Columbia.

11.     The facts contained herein are not complete in all details. Instead, they are provided in order to demonstrate that the elements of the charged offenses have been met for purposes of a plea in this case. These are not all of the facts known to the Defendant and to the government.

4

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. BAR NO. 481052

BY:

Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

WE ASK FOR THIS:

*/s/ Matthew M. Graves*
MATTHEW M. GRAVES, D.C. BAR NO. 481052
UNITED STATES ATTORNEY

By:

Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

Jamar Skeete
Defendant

Mitchell C. Elman, Esq.
Counsel for Defendant

4